WO

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ira Jerome Moore,<br><br>　　　　　Petitioner,<br><br>v.<br><br>J.T. Shartle, Warden,<br><br>　　　　　Respondent. | CV 13-190 TUC DCB<br><br>**O R D E R** |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), and he issued a Report and Recommendation (R&R) on May 27, 2015.  (Doc. 21: R&R)**.**  He recommends that the Petition for Writ of Habeas Corpus (Doc. 1) be denied on the merits.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1).  When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628

F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

## REPORT AND RECOMMENDATION

The Honorable Bruce G. Macdonald considered the merits of Petitioner's due process claim: 1) Petitioner was not provided with a copy of the Unit Disciplinary Committee (UDC) disposition referring his case to the Disciplinary Hearing Officer (DHO); 2) there was insufficient evidence to establish he committed the prohibited act of possessing a weapon because the scotch tape box in which the weapon was allegedly found was not listed on his property form, and 3) the BOP policy prohibiting inmates from possessing Uniform Commercial Code (UCC) Financing Statements is "absolutely absurd."  (R&R at 12-18.)

Here, there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The R&R reflects a record which establishes that the Petitioner was afforded all the due process he was due in the prison disciplinary context.  Given the greater weight of the testimony from SIS Technician Hicks, the evidence was sufficient because there was some evidence to support the DHO's findings.  Lastly, Petitioner's challenge to the BOP's policy barring inmates from possessing UCC financing statements may only be raised under 42 U.S.C. § 1983.  It is not a

challenge to the manner, location or condition of the execution of his sentence maintainable as a petition for habeas corpus under 28 U.S.C. § 2241.

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court denies the Petition.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 21) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff proceeding here *in forma pauperis* under 28 U.S.C. § 2241, in the event the Plaintiff files an appeal, the Court finds the appeal is not taken in good faith because an appeal would be frivolous as there is no substantial argument to be made contrary to this Court's determination recorded here. 28 U.S.C. 1915(a)(3) and FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).

DATED this 7th day of October, 2015.

David C. Bury
United States District Judge